UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER CUTRO, individually,

    Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC., d/b/a FBCS, INC.,
a foreign corporation,                                              **JURY DEMAND**

    Defendant.
_____/

## COMPLAINT

1. Plaintiff CHRISTOPHER CUTRO alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC.  Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and an artificial or pre-recorded voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls and letters forming the basis of this action were placed and sent by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff CHRISTOPHER CUTRO is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and operator of the cellular telephone and number that Defendant was calling.

6. Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC. ("FBCS") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 2200 Byberry Road, Suite 120, Hatboro, PA 19040; Plaintiff further alleges that FBCS is a citizen of the State of Pennsylvania.

## FACTUAL ALLEGATIONS

7. Prior to the institution of this lawsuit, Plaintiff began receiving automated telephone calls on his cellular telephone from Defendant FBCS.

8. Upon answering any of these calls, the Plaintiff was met with either a machine operated, pre-recorded voice message, hold music, or a noticeable period of "dead air" while the caller's telephone dialing system attempted to connect him to a live employee of FBCS.

9. On occasions where the Plaintiff answered the call, FBCS explained that it was seeking a person named "Debra Godeleia."

10. Plaintiff has never done business with Defendant FBCS, nor does he know anyone named "Debra Godeleia."

11. Whenever the Plaintiff received the aforementioned calls, his cellular telephone would display an incoming call from a number bearing a South Florida "305" area code, the

same area code as the Plaintiff's, even though the Defendant is not located in South Florida.

12. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

13. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

14. Defendant made the aforementioned telephone calls knowing that it was using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

15. Plaintiff incorporates paragraphs 1 through 14 herein.

16. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff CHRISTOPHER CUTRO, requests that the Court enter judgment in favor of Plaintiff and against Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., d/b/a FBCS, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of February, 2015.

> BRET L. LUSSKIN, Esq.
> *Attorney for Plaintiff*
> 20803 Biscayne Blvd., Ste 302
> Aventura, Florida 33180
> Telephone: (954) 454-5841
> Facsimile: (954) 454-5844
> blusskin@lusskinlaw.com
>
> By: /s/ Bret L. Lusskin, Esq.
>      Bret L. Lusskin, Esq.
>      Florida Bar No. 28069